## Case No. 2,959.

### In re COGSWELL.

[1 Ben. 388;[1] 1 N. B. R. 62; Bankr. Reg. Supp. 14; 14 Pittsb. Leg. J. 616; 6 Int. Rev. Rec. 85.]

District Court, S. D. New York. Sept. 6, 1867.

BANKRUPTCY —APPOINTMENT OF ASSIGNEE WHEN NO DEBT HAS BEEN PROVED.

When no creditor who has proved his debt appears at the time and place appointed for the first meeting of creditors, the judge, or, if there be no opposing interest, the register, is to appoint one or more assignees.

[Cited in Re Bloss, Case No. 1,562.]

[On certificate of register in bankruptcy.]

[In bankruptcy. In the matter of Mortimer C. Cogswell.] In this case the register, at the request of the bankrupt, certified the following question for the opinion of the judge: When no creditor attends at the place and time specified in the warrant and notice for the first meeting of creditors, does the law provide for or require the appointment of an assignee of the bankrupt's estate? The register, in his certificate, said: "My view is, that there is not any provision of the act providing for the appointment of an assignee where there is not a meeting of creditors; that the only case in which a register is expressly authorized to appoint an assignee is where no choice is made by the creditors at the first meeting (section thirteen); that if there is not a meeting, this case does not occur; that a meeting is an indispensable condition of this power; that the justices of the supreme court seem to have so regarded the law, not having prescribed a form for an appointment by a register, except where no choice is made by the creditors at the meeting (form No. 11); that the twenty-third and twenty-ninth sections of the act [14 Stat. 528, 531], however, clearly contemplate an assignee in every bankruptcy; that, by necessary implication, there must be a power to appoint; that in the case under consideration, as the proceeding is before a register, he must possess the power to make the appointment; and that the opinion of the register, therefore, is, that in the case mentioned in the question, the law does provide for and require the appointment of an assignee of the bankrupt's estate."

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. The register is correct in his conclusion, that in case no creditor attends at the place and time specified in the warrant and notice for the first meeting of creditors, the law provides for and requires the appointment of an assignee of the bankrupt's estate. If the register attends at the place and time specified in the warrant and notice for the first meeting of creditors, and no creditor has proved a debt, the meeting is held, within the purview of the act, as fully and effectually as if debts had been proved and creditors had attended or been represented at the meeting, and the contingency happens which the thirteenth section speaks of, namely, the contingency that no choice is made by the creditors at the meeting. If creditors have proved their debts, and attend or are represented, but fail to choose an assignee, then no choice is made by the creditors. If no creditor has proved a debt, so that no creditor has a right to vote in the choice of an assignee, then equally there is no choice of an assignee made by the creditors. In either case the judge, or, if there be no opposing interest, the register is to appoint one or more assignees.

[The clerk will certify this decision to the register, Isaac Dayton, Esq.][2]